Charles D. Colett, OSB #79191
chuck@colettlaw.com
COLETT LAW GROUP, LLP
1 Lincoln Center
10300 S.W. Greenburg Road, Suite 310
Portland, OR 97223-5489
Tel:  (503) 598-3411
Fax:  (503) 598-4646

Attorney for Plaintiffs Oregon Laborers-Employers Trust Funds, et al.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| OREGON LABORERS-EMPLOYERS HEALTH & WELFARE TRUST FUND; OREGON LABORERS-EMPLOYERS PENSION TRUST FUND; OREGON & SOUTHERN IDAHO LABORERS-EMPLOYERS TRAINING TRUST FUND; and OREGON LABORERS-EMPLOYERS ADMINISTRATIVE FUND, LLC,<br><br>    Plaintiffs,<br><br>       v.<br><br>ROSS ISLAND SAND & GRAVEL CO., an Oregon business corporation; K.F. JACOBSEN & CO., INC., an Oregon business corporation; and R.B. PAMPLIN CORPORATION, a foreign business corporation,<br><br>    Defendants | Case No. _____<br><br>COMPLAINT<br><br>Action for Fringe Benefits and Accounting; Request for Bond / Restricted Account<br><br>(29 USC § 1132 and §1145, and 29 USC § 185(a)) |

///

///

///

COMPLAINT - 1

Plaintiffs, for claim for relief, allege as follows:

## COUNT ONE

1.

Jurisdiction is vested in this Court over this action by the provisions of the Employee Retirement Income Security Act of 1974 (ERISA) at 29 USC § 1132 and § 1145; and § 301(a) of the Labor Management Relations Act of 1947 (LMRA) at 29 USC § 185(a).

2.

That at all times herein mentioned, the Plaintiffs were and are collective express Trusts in writing, pursuant to 29 USC § 186, known as the Oregon Laborers-Employers Health & Welfare Trust Fund (Health & Welfare Trust), the Oregon Laborers-Employers Pension Trust Fund (Pension Trust), the Oregon & Southern Idaho Laborers-Employers Training Trust Fund (Training Trust Fund), and the Oregon Laborers-Employers Administrative Fund, LLC (Administrative Fund). Plaintiffs are known collectively as the Oregon Laborers-Employers Trust Funds, which Trusts administer contributions by employers for medical care, pension, hospital care, training, and related needs of employees. Plaintiffs' principal office is in Portland, Multnomah County, Oregon, and venue for all claims for relief or proceedings involving the Trust Funds is in Multnomah County, Oregon.

3.

That Defendant Ross Island Sand & Gravel Co. is an Oregon business corporation authorized and registered to do business in the State of Oregon. Defendant K.F. Jacobsen & Co., Inc. is an Oregon business corporation authorized and registered to do business in the State of Oregon. Defendant R.B. Pamplin Corporation is a foreign business corporation authorized and registered to do business in the State of Oregon. R.B. Pamplin Corporation is the parent corporation of Ross Island Sand & Gravel Co. and K.F. Jacobsen & Co., Inc.

4.

That during all of the times herein mentioned, Defendants were bound to make required

contributions to the Trusts and did make certain payments thereto.

5.

That in the processing of the payments and as part of the Plaintiffs' duties herein, a review of remittance reports that Defendants submitted indicate that a substantial delinquency exists for non-payment of fringe benefit contributions to Plaintiffs. This delinquency has been ongoing and repetitive for years and has placed defendants' employees at significant risk of lack of benefits that they bargained and contracted.

6.

Demand has been made for payment of the delinquency and there is wholly due, owing, and unpaid to the Plaintiffs the amount of $55,293.26 in contributions comprising delinquent contributions for January 2019, February 2019, and March 2019, plus additional contributions due to date for contributions for amounts for post-March 2019 contributions.

7.

That in addition to the basic contributions required to be made, the applicable written Agreements between the parties and 29 USC § 1132 provide for liquidated damages, interest, and audit fees to be assessed for any delinquent contributions found to be due and owing. Defendants are indebted to Plaintiffs for liquidated damages, interest, and audit fees. These liquidated damages and interest amounts are due for late payments over the last year plus amounts for unpaid contributions to date. These amounts are calculated pursuant to the statute and Trust Agreements as twelve percent (12%) *per annum* interest and twelve percent (12%) *per annum* liquidated damages for each late payment.

8.

That the indicated Agreements and 29 USC § 1132 provide for a reasonable sum to be awarded Plaintiffs as attorney's fees for the prosecution of this action against Defendants. Plaintiffs request a reasonable sum be awarded to Plaintiffs as attorney's fees.

///

///

COMPLAINT - 3

## COUNT TWO

9.

Plaintiffs reallege Paragraphs 1, 2, 3, 4, 7 and 8 of their First Count.

10.

That during all of the times herein mentioned, Defendants were bound to make required contributions to the Trusts and did make certain payments. That Defendants, on and from January 1, 2016 through the present date, had in its employ, employees for whom contributions to the Trust Funds were to be made.

11.

Defendants have failed to make the contributions required by the Labor Agreement for their employees employed during the term of the Agreement. Defendants have failed to report to Plaintiffs the number of employees and the amount of required contributions. The amount of all contributions owed by Defendants to Plaintiffs is unknown to Plaintiffs and cannot be ascertained without a complete accounting, which is long and complicated.

12.

Plaintiffs request that an accounting by Defendants be ordered for the period from January 1, 2016 through the present date, for any and all contributions due from Defendants to Plaintiffs by virtue of the Labor Agreement. After a complete account has been made, Plaintiffs request a Decree be entered against Defendants for any amount due, with interest thereon, together with liquidated damages and reasonable attorney's fees as provided for in the Labor Agreement, Trust Agreement and appropriate law.

## COUNT THREE

13.

Plaintiffs reallege Paragraphs 1, 2, 3, 4, 7 and 8 of their First Count.

14.

Plaintiffs request that Defendants post a surety bond in favor of plaintiffs for security to ensure that future contributions are timely paid for fringe benefit contributions. This is requested

COMPLAINT - 4

and necessary due to Defendants' long history of non-payment and delinquent payment of contributions for their employees to Plaintiffs.

## COUNT FOUR

15.

Plaintiffs reallege Paragraphs 1, 2, 3, 4, 7 and 8 of their First Count.

16.

Plaintiffs request that Defendants be ordered to secure a restricted account for monthly contributions to Plaintiffs for payment of fringe benefit contributions given the history of non-payment or delinquent payment of contributions. Such account shall be replenished each month for purposes of payment of contributions and payable to Plaintiffs on a monthly basis.

WHEREFORE, Plaintiffs pray as follows:

## COUNT ONE

1. $55,293.36, plus additional contributions to date;
2. Interest on the above sum from January 20, 2019, until paid;
3. Liquidated damages and an audit fee and additional interest on all late contributions paid and those remaining unpaid;
4. Interest and liquidated damages for each late payment received over the last year per the Trust Agreement and based on an accounting;
5. Reasonable attorney's fees;
6. Plaintiffs' costs necessarily incurred.

## COUNT TWO

1. A Decree compelling Defendants to make a complete accounting to Plaintiffs of all contributions due from Defendants to Plaintiffs from January 1, 2016, to the present;
2. After a complete accounting has been made, entry of Judgment against Defendants for any amounts due to Plaintiffs for Trust contributions;
3. For interest on any contributions from their due date, together with attorney's

COMPLAINT - 5

fees, liquidated damages, and Plaintiffs' costs and disbursements;

4. For such other relief as may seem just and equitable in the premises.

<u>COUNT THREE</u>

1. An Order of the Court requiring Defendants to post a surety bond in favor of Plaintiffs for fringe benefit contributions.

<u>COUNT FOUR</u>

1. An Order of the Court requiring Defendants to establish and maintain a restricted bank account for payment of fringe benefit contributions to Plaintiffs and to replenish such account on a monthly basis.

COLETT LAW GROUP, LLP

Dated: April 29, 2019

s/ Charles D. Colett
Charles D. Colett, OSB 791916
Attorney for Plaintiffs

COMPLAINT - 6